IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **FRANKENMUTH INSURANCE COMPANY,** | ) | |
| **Plaintiff,** | ) | **Case No. 2:26-cv-182** |
| **v.** | ) | |
| **JOSHUA K. RUSSELL, individually and JOSHUA K. RUSSELL d/b/a COMPLETE CONSTRUCTION MANAGEMENT, LLC,** | ) | |
| **Defendants.** | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now the plaintiff, Frankenmuth Insurance Company ("Frankenmuth"), pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, and alleges as follows:

## I. THE PARTIES

1. Frankenmuth is an insurance company organized under the laws of the State of Michigan, with its principal place of business located in Frankenmuth, Michigan. Frankenmuth has complied with the laws of the State of Tennessee pertaining to corporations engaged in insurance business therein, and is authorized to transact business in the State of Tennessee.

2. The defendant, Complete Construction Management, LLC, ("Complete Construction") is a Tennessee Limited Liability Company, with its principal place of business located at 2120 S Economy Road, Morristown, TN 37813-2809. Complete Construction may be served with process through its registered agent, Joshua K. Russell, at 2120 S Economy Road, Morristown, TN 37813-2809. Upon information and belief, the

members of Defendant are citizens of Tennessee (where Defendant has its principal place of business). As a result, Defendant is a citizen of the State of Tennessee for diversity purposes.

## II. VENUE AND JURISDICTON

3. This case is brought pursuant to the Declaratory Judgment Act as codified in 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. Jurisdiction is proper within this Court pursuant to 28 U.S.C. § 1332 as the parties to this action are citizens and residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, jurisdiction within the U.S. District Court for the Eastern District of Tennessee is proper.

4. The alleged acts and/or omissions giving rise to the submission of insurance claims under a policy of insurance referenced herein arose from allegations made by Barry and Kimberly Beddor ("Underlying Plaintiffs"), regarding the Underlying Plaintiff's new construction that was allegedly not completed in a workmanlike manner as specified in the Construction Contract. A copy of the Underlying Suit is attached hereto as **Exhibit A**. As a substantial part of the events or omissions giving rise to this suit occurred within the Eastern District of Tennessee, and within this Division, venue is proper in this Court and in this Division pursuant to 28 U.S.C. § 1391.

## III. FACTS

5. Complete Construction is a company who performed a new build construction for Plaintiffs.

6. On November 4, 2025, the Underlying Plaintiffs filed a lawsuit against Joshua Russell, individually and d/b/a Complete Construction Management, LLC (collectively

"Defendant") seeking damages for breach of contract and negligence. See gen. Underlying Complaint.

7. The Complaint asserted Plaintiffs and Defendant entered into a New Construction Contract on June 12, 2023 ("the Contract"). Underlying Complaint ¶ 1.

8. The Underlying Complaint alleges the work completed by Defendant was defective, including poor stone installation, warped flooring, exposure to weather conditions, poor installation of materials inside the residence, improper installation of windows, damage to the front door, improper installation of water heaters, faulty framing of the residence, chipped marble in the bathroom, and encroachment on neighboring property. Underlying Complaint ¶ 6.

9. This defective work allegedly resulted in moisture build up, damage to the framing requiring re-installation and repair, faulty structure of the home, as well as financial loss. Underlying Complaint ¶ 6.

10. At times relevant to the Underlying Suit, Frankenmuth issued Policy No. 6829511, effective January 23, 2025 through January 23, 2026 ("the Policy"). A copy of the policy and included endorsements is attached as **Exhibit B.**

11. The Policy included Commercial General Liability Coverage ("CGL") but only in accordance with policy terms and conditions.

12. Frankenmuth is presently defending Defendants in the Underlying Suit under a reservation of rights.

13. Frankenmuth alleges and avers that an actual controversy exists between itself and the Defendants, and that this Court is vested with the power in the instant case to

declare and adjudicate the rights and legal relationships of Frankenmuth and Complete Construction with respect to the issues raised herein.

## IV. DECLARATORY RELIEF SOUGHT

14. Frankenmuth alleges and avers that the policy does not provide any coverage for the damages and claims sought in the Underlying Suit. Frankenmuth alleges and avers that it does not have a duty to defend Joshua Russell, individually, nor Complete Construction in the Underlying Suit. Frankenmuth alleges and avers that it does not have any duty to indemnify Joshua Russell, individually, nor Complete Construction for any damages in the Underlying Suit.

15. The CGL provided two coverages: Coverage A, which applied to “property damage” and “bodily injury”, and Coverage B which applied to “personal and advertising injury”.

16. The insuring agreement for Coverage A provided as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments

or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the “coverage territory”;

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

17. Under this insuring agreement, in order for coverage to exist, there must be "bodily injury" or "property damage" caused by an "occurrence".

18. "Bodily injury" and "property damage" are defined as follows:

**SECTION V – DEFINITIONS**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

****

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

****

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing device or any other media which are used with electronically controlled equipment.

19. The Underlying Suit does not allege any claim for "bodily injury" or "property damage" caused by an "occurrence" and thus, Coverage A does not apply.

20. In addition, and/or in the alternative, Frankenmuth alleges and avers that coverage would also be excluded by the operation of the following exclusions:

2. **Exclusions**

This insurance does not apply to:

a. **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. **Contractual Liability**

“Bodily injury” or “property damage” for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an ‘insured contract,’ provided the “bodily injury” or “property damage” occurs subsequent to the execution of the contract or agreement; Solely for the purposes of liability assumed in an ‘insured contract’, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of “bodily injury” or “property damage”, provided:

(a) Liability to such party for, or for the cost of, that party’s defense has also been assumed in the same “insured contract”; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

****

j. **Damage to Property**

"Property damage" to:

****

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations,

if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

****

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**l. Damage to Your Work**

‘Property damage’ to ‘your work’ arising out of it or any part of it and included in the ‘products-completed operations hazard.’

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

21. The insuring agreement for Coverage B provided as follows:

**COVERAGE B -- PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of “personal and advertising injury” to which this insurance applies. We will have the right and duty to defend the insured against any “suit” seeking those damages. However, we will have no duty to defend the insured against any “suit” seeking damages for “personal and advertising injury” to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or “suit” that may result. But:

**(1)** The amount we will pay for damages is limited as described in **SECTION III –** Limits of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgment or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "personal and advertising injury caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

22. This insuring agreement only provides coverage for "personal and advertising injury".

23. "Personal and advertising injury" is defined by the policy as follows:

**SECTION V – DEFINITIONS**

*****

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's good, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's rights of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

24. None of the allegations of the Complaint fall within the definition of "personal and advertising injury" and thus are not covered under the Policy.

25. The CGL coverage also contained Endorsement 18198 (11 19)**,** which provided as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**"YOUR WORK" COVERAGE EXTENSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The provisions of this endorsement apply only with respect to "property damage" and "bodily injury" to or resulting from "your work".

A. **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, a.** is extended to include damages which you become legally obligated to pay because of "property damage" that is:

(1) To "your work", if the damaged work, or the work out of which the damage arises, was performed on your behalf by a subcontractor; or

(2) To property other than "your work", if the "property damage" is caused by or results from "your work";

if such "property damage":

(1) Consists of physical injury to tangible property, including loss of use of that property; and

(2) Is included within the "products-completed operations hazard".

For use with this endorsement only, "property damage" shall be deemed to be caused by an "occurrence".

However, we will not pay for:

(1) "Property damage" that was a result of willful, wanton or intentional misconduct; or

(2) "Defective or faulty work".

26. Under this endorsement, coverage is still not provided for any "defective or faulty work" as that term is defined below:

E. **SECTION V. – DEFINITIONS** is extended to include the following: "Defective or faulty work" means work that fails to meet or comply with applicable building code(s), fails to meet or comply with industry standards, is not fit as constructed for its intended use, or

does not meet or comply with a contract's plan or specifications. "Defective or faulty work" is not physical injury to tangible property.

27. This endorsement does not provide any additional coverage.

28. The Policy also contained Umbrella Coverage, in the event an "occurrence" exceeded the amount provided by the CGL Policy.

29. The Underlying Suit requested a judgment of $1,500,000.00, which is greater than the $1,000,000.00 occurrence limit of the CGL. Underlying Complaint ¶ 11.

30. The Umbrella Policy provides the following insuring agreement:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

a. We will pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking damages for such 'bodily injury' or 'property damage' when the 'underlying insurance' does not provide coverage or the limits of 'underlying insurance' have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other 'suit' seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. At our discretion, we may investigate any 'occurrence' that may involve this insurance and settle any resultant claim or 'suit', for which we have the duty to defend. But:

(1) The amount we will pay for the 'ultimate net loss' is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to ‘bodily injury’ and ‘property damage’ only if:

(1) The ‘bodily injury’ or ‘property damage’ is caused by an ‘occurrence’ that takes place in the ‘coverage territory;’

(2) The ‘bodily injury’ or ‘property damage’ occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1.a. of Section II – Who Is An Insured and no ‘employee’ authorized by you to give or receive notice of an ‘occurrence’ or claim, knew that the ‘bodily injury’ or ‘property damage’ had occurred, in whole or in part. If such a listed insured or authorized ‘employee’ knew, prior to the policy period, that the ‘bodily injury’ or ‘property damage’ occurred, then any continuation, change or resumption of such ‘bodily injury’ or ‘property damage’ during or after the policy period will be deemed to have been known prior to the policy period.

c. ‘Bodily injury’ or ‘property damage’ which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1.a. of Section II – Who Is An Insured or any ‘employee’ authorized by you to give or receive notice of an ‘occurrence’ or claim, includes any continuation, change or resumption of that ‘bodily injury’ or ‘property damage’ after the end of the policy period.

d. ‘Bodily injury’ or ‘property damage’ will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1.a. of Section II – Who Is An Insured or any ‘employee’ authorized by you to give or receive notice of an ‘occurrence’ or claim:

(1) Reports all, or any part, of the ‘bodily injury’ or ‘property damage’ to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the ‘bodily injury’ or ‘property damage;’ or

(3) Becomes aware by any other means that ‘bodily injury’ or ‘property damage’ has occurred or has begun to occur.

e. Damages because of 'bodily injury' include damages claimed by any person or organization for care, loss of services or death resulting at any time from the 'bodily injury.'

31. The Umbrella coverage defined the pertinent terms as follows:

3. "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

18. "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

With respect to the ownership, maintenance or use of "covered autos", property damage also includes "pollution cost or expense", but only to the extent that coverage exists under the "underlying insurance" or would have existed but for the exhaustion of the underlying limits.

For the purposes of this insurance, with respect to other than the ownership, maintenance or use of "covered autos", electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), hard or floppy disks, CD- ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

32. The Underlying Suit does not allege any claim for "bodily injury" or "property damage" caused by an "occurrence" and thus, the Umbrella does not apply.

33. In addition, and/or in the alternative, Frankenmuth alleges and avers that coverage would also be excluded by the operation of the following exclusions:

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

****

**m. Damage To Property**

'Property damage' to:

(1) Property:

(a) You own, rent, or occupy including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property; or

(b) Owned or transported by the insured and arising out of the ownership, maintenance or use of a 'covered auto'.

(2) Premises you sell, give away or abandon, if the 'property damage' arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are 'your work' and were never occupied, rented or held for rental by you.

Paragraphs (1)(b), (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraphs (3) and (4) of this exclusion does not apply to liability assumed under a written Trailer Interchange agreement.

Paragraph (6) of this exclusion does not apply to 'property damage' included in the 'products-completed operations hazard'.

**n. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**o. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

34. Frankenmuth alleges and avers that there is no coverage for Joshua Russell, individually, and Complete Construction for any of the causes of action against it by operation of the above referenced exclusions.

35. Frankenmuth alleges and avers that there is no coverage under the policy for these claims, and Frankenmuth is entitled to withdraw the defense it has provided to Joshua Russell and Complete Construction under reservation of rights in the Underlying Suit.

**WHEREFORE**, **premises considered,** Frankenmuth prays as follows:

1. That the Defendants be required to appear and answer herein;

2. That the Court adjudicate and declare that Frankenmuth Policy No. 6829511 provides no coverage whatsoever for the allegations, claims, and/or damages sought in the Underlying Suit, and that Frankenmuth has no obligation to indemnify any insured under the policy for any claim, allegation, or damages averred in the Underlying Suit;

3. That the Court adjudicate and declare that Frankenmuth Policy No. 6829511 imposes no obligation on Frankenmuth to defend Joshua Russell and Complete Construction in the Underlying Suit;

4. That Frankenmuth may withdraw its defense of Joshua Russell and Complete Construction in the Underlying Suit; and

5. For such further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

/s/ E. Jason Ferrell

**E. JASON FERRELL**
Registration No. 24425
DIRECT: (615) 630-7716
jferrell@ferrellfirm.com

**FERRELL LAW GROUP, PLLC**
9020 Overlook Boulevard, Suite 205
Brentwood, TN  37027
Attorney for Plaintiff, Frankenmuth Insurance Company

EJF:ACA